UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In Re Ex Parte Application of BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT

    Applicant,

For an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding.

Case No. _____

### *EX PARTE* APPLICATION OF BMW AG FOR ORDER PURSUANT TO 28 U.S.C. § 1782(A) TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND MEMORANDUM IN SUPPORT

OF COUNSEL:
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
(571) 203-2750

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Seaport Lane
Sixth Floor
Boston, MA 02210-2001
(617) 646-1618

Joseph M. Myles
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4372

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Applicant Bayerische Motoren Werke Aktiengesellschaft*

Dated: December 24, 2025

**TABLE OF CONTENTS**

I. INTRODUCTION: BMW AG SEEKS LIMITED DISCOVERY FOR USE IN DEFENDING AGAINST ONESTA'S GERMAN INFRINGEMENT ALLEGATIONS ................................................................................................... 1

II. FACTUAL BACKGROUND: BMW AG REQUESTS LIMITED DISCOVERY BASED ON ONESTA'S LITIGATION HISTORY ........................................................ 2

  A. The Parties and the German Proceedings ............................................. 2

  B. BMW AG's Proposed Discovery ............................................................ 4

III. LEGAL ARGUMENT: BMW AG'S LIMITED DISCOVERY REQUESTS ARE SUPPORTED BY THE SUPREME COURT'S GUIDANCE ............................................. 7

  A. BMW AG's Application Satisfies Section 1782's Statutory Requirements ............ 7

  B. All of the Supreme Court's *Intel* Discretionary Factors Weigh in Favor of Granting BMW AG's Application ................................................................ 9

    1. BMW AG Cannot Obtain the Information it Needs Through German Discovery ..... 10

    2. German Courts are Receptive to Information Obtained Through United States Discovery ............................................................................. 11

    3. BMW AG Is Not Attempting to Circumvent German Proof-Gathering Restrictions or Policies ............................................................................. 12

    4. The Scope of Information BMW AG Seeks is Commensurate with the Information's Relevance to the German Proceeding and Will Not Unduly Burden Onesta ........ 14

IV. CONCLUSION: THE COURT SHOULD GRANT BMW AG'S REQUESTED DISCOVERY ................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amazon.com, Inc. v. Nokia Am. Corp.*,
  No. 24-493-GBW, 2025 WL 220301 (D. Del. Jan. 16, 2025)............................................10, 13

*In re Apple Inc.*,
  No. 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) ...........................................12

*In re Bayer AG*,
  146 F.3d 188 (3d Cir. 1998)...................................................................................................14

*Bayer AG v. Betachem, Inc.*,
  173 F.3d 188 (3d Cir. 1999)...................................................................................................10

*In re Biomet Orthopaedics Switzerland GmBh*,
  742 F. App'x 690 (3d Cir. 2018) ........................................................................................8, 10

*Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*,
  854 F. Supp. 2d 427 (E.D. Tex. 2012).....................................................................................7

*In re Chevron*,
  633 F.3d at 163 ................................................................................................................10, 13

*Clear with Computs., LLC v. Bergdorf Goodman, Inc.*,
  753 F. Supp. 2d 662 (E.D. Tex 2010).......................................................................................5

*Conopco, Inc. v. Warner-Lambert Co.*,
  No. Civ.A. 99-101(KSH), 2000 WL 342872 (D.N.J. Jan. 26, 2000) ........................................6

*In re del Valle Ruiz*,
  939 F.3d 520 (2d Cir. 2019).....................................................................................................8

*In re Esses*,
  101 F.3d 873 (2d Cir. 1996)...................................................................................................13

*In re Financialright Claims GmbH*,
  No. 23-cv-1481, 2024 WL 4818177 (D. Del., Nov. 18, 2024) ..............................................12

*In re FourWorld Capital Mgmt. LLC*,
  No. 23-1460-GBW, 2024 WL 1637400 (D. Del. Apr. 16, 2024).............................................7

*Granting Leave to Obtain Discovery for Use in Foreign Procs.*,
  No. 20-mc-334-MN, 2021 WL 1063390 (D. Del. Mar. 19, 2021)...........................................9

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
  633 F.3d 591 (7th Cir. 2011) (Posner, J.) ...................................................................4, 10, 12

*High Point SARL v. Sprint Nextel Corp.*,
  No. 09-2269, 2011 WL 3241432 (D. Kan. July 29, 2011) ....................................................5, 7

*In re Illumina Cambridge Ltd.*,
  No. 19-80215, 2019 WL 5811467 (N.D. Cal. Nov. 7, 2019) ...................................................13

*Implicit Networks, Inc. v. Juniper Networks, Inc.*,
  No. C 10-04234, 2012 U.S. Dist. LEXIS 103884 (N.D. Cal. July 23, 2012) ...........................6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................................................ *passim*

*In re IPCom GMBH & Co. KG*,
  No. 5:14-mc-80037, 2014 WL 12772090 (N.D. Cal. Apr. 10, 2014) ......................................13

*Koninklijke Philips N.V. v. Wangs All. Corp.*,
  No. 14-12298, 2018 WL 283893 (D. Mass. Jan. 2, 2018) .........................................................7

*Kulzer v. Esschem*,
  390 F. App'x 88 (3d Cir. 2010) ..........................................................................................10, 11

*Matsushita Electric Industrial Co., Ltd. v. MediaTek, Inc.*,
  No. C-05-3148 MMC, 2007 WL 963975 (N.D. Cal. Mar. 30, 2007) ........................................6

*In re MSTG, Inc.*,
  675 F.3d 1337 (Fed. Cir. 2012) ..................................................................................................6

*In re O'Keeffe*,
  646 F. App'x 263 (3d Cir. 2016) ..............................................................................................11

*Onesta IP, LLC v. Qualcomm Inc.*,
  1:25-cv-587, D.I. 1 (W.D. Tex. Apr. 17, 2025) .........................................................................8

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) .................................................................................................................14

*In re Petronas Azerbaijan (Shah Deniz) S.a.r.l*,
  No. 24-1283-CFC, 2025 WL 1836446 (D. Del. July 3, 2025) ..................................................2

*Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*,
  254 F.R.D. 568 (N.D. Cal. 2008) ...............................................................................................5

*In re Request from Vienna*,
  No. 23-mc-258-CFC, 2023 WL 6278815 (D. Del. Sept. 26, 2023) ....................................8, 11

*In re Selman*,
    No. 23-895-CJB, 2024 WL 1092025 (D. Del. Mar. 13, 2024) ........................................... 9, 13

*Sergeeva v. Tripleton Int'l Ltd.*,
    834 F.3d 1194 (11th Cir. 2016) ................................................................................................ 8

*In re Thales Dis Ais Deutschland GmbH*,
    No. 3:21-MC-303, 2021 WL 7707268 (N.D. Tex. Nov. 5, 2021) ........................................... 12

*Via Vadis Controlling GmbH v. Skype, Inc.*,
    No. 12-mc-193-RGA, 2013 WL 646236 (D. Del. Feb. 21, 2013) ............................................ 7

*In re Xiaomi*,
    4:23-mc-96, 2025 WL 714374 (E.D. Tex. Mar. 5, 2025) ........................................................ 12

**Federal Statutes**

28 U.S.C. § 1332(c)(1) .................................................................................................................... 8

28 U.S.C. § 1782 ................................................................................................................... *passim*

28 U.S.C. § 1782(a) ............................................................................................................... *passim*

**Rules**

Rule 45 .......................................................................................................................................... 15

I.  **INTRODUCTION: BMW AG SEEKS LIMITED DISCOVERY FOR USE IN DEFENDING AGAINST ONESTA'S GERMAN INFRINGEMENT ALLEGATIONS**

Bayerische Motoren Werke Aktiengesellschaft ("BMW AG" or "Applicant") submits this *Ex Parte* Application for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) from Onesta IP, LLC ("Onesta").

On October 9, 2025, Onesta sued BMW AG in District Court Munich I in Munich, Germany for alleged patent infringement of European Patent No. 2 473 920 B1 ("EP '920"); United States Patent No. 8,854,381 ("the '381 patent"); and United States Patent No. 8,443,209 ("the '209 patent") (collectively, the "asserted patents"). The single complaint[1] filed by Onesta in Germany resulted in German Case Nos. 21 O 13056/25, 21 O 12768/25, and 21 O 13057/25 (the "German Actions"). In response to Onesta's allegation of infringement of EP '920, BMW AG is considering filing a nullity action[2] challenging the validity of EP '920. Müller-Stoy Decl. ¶ 12. BMW AG seeks discovery under § 1782 for use in the German Actions and possible nullity action. BMW AG seeks an order to authorize subpoenas requiring Onesta to provide specific documents and make itself available for a deposition for use in connection with the patent infringement actions in Germany.

The German complaint alleges that BMW AG infringes the asserted patents based on components allegedly installed in BMW vehicles offered for sale and sold both in Germany and in the United States. Müller-Stoy Decl. at ¶ 10. The German complaint requests that BMW AG

---

[1] All exhibits are to the Declaration of Lionel M. Lavenue (Lavenue Decl.). A copy of the German complaint and an English language translation are attached as Exs. 1–2.

[2] Germany has a bifurcated litigation system, whereby issues of patent infringement are considered separately from issues of patent validity. Müller-Stoy Decl. ¶ 8. In "nullity" actions, a party challenges the validity of a German patent in the German Federal Patent Court. *Id.*

be enjoined from further sales in Germany and the United States of allegedly infringing vehicles, recall of allegedly infringing vehicles, a rendering of accounts of previous sales of allegedly infringing vehicles, and a finding that BMW AG is liable for damages. *Id.* at ¶ 11. BMW AG is considering challenging the EP '920 in a German nullity proceeding, but BMW AG lacks a procedural mechanism to challenge the validity of the '381 or '209 patents through German proceedings because German courts do not have the ability to rule on the validity of United States patents with *erga omnes* effect. *Id.* at ¶ 12.

This application is brought on an *ex parte* basis. This District routinely accepts *ex parte* applications for 28 U.S.C. § 1782 discovery. *See*, *e.g.*, *In re Petronas Azerbaijan (Shah Deniz) S.a.r.l*, No. 24-1283-CFC, 2025 WL 1836446, at *2 (D. Del. July 3, 2025).

## II.  FACTUAL BACKGROUND: BMW AG REQUESTS LIMITED DISCOVERY BASED ON ONESTA'S LITIGATION HISTORY

### A.  The Parties and the German Proceedings

BMW AG is a world-renowned designer and manufacturer of motor vehicles, parts, and other accessories, which are offered for sale in Europe and for export and sale throughout the world.

Onesta is a Delaware limited liability company with a principal place of business located at 230 Sugartown Road, Suite 100, Wayne, PA 19087.

On October 9, 2025, Onesta sued BMW AG for alleged patent infringement of the EP '920 and the '381 and '209 patents in the District Court Munich I, Germany. Exs. 1 (German) and 2 (English). Onesta's suit has been split into three cases, each associated with one asserted patent: Case Nos. 21 O 13056/25 (corresponding to the '381 patent), 21 O 12768/25 (corresponding to the '209 patent), and 21 O 13057/25 (corresponding to the EP '920 patent). Müller-Stoy Decl. at ¶ 7. On December 15, 2025, in response to Onesta's assertion of United

- 2 -

States patents in Germany, BMW AG sued Onesta in the Western District of Texas for declaratory judgment of patent misuse, non-infringement, and invalidity of the '381 and '209 patents. Ex. 3. And on the same day, BMW AG sought an anti-suit injunction from the Western District of Texas seeking to enjoin Onesta from continuing to pursue allegations of infringement of United States patents against BMW AG in Germany. Ex. 4.[3]

In addition to the German Actions, Onesta has sued Qualcomm, Inc.; Nothing Technology Limited; OnePlus Technology (Shenzhen) Co., Ltd.; and NVIDIA Corporation in the Western District of Texas (Case Nos. 1:25-cv-586 (W.D.T.X.) and 1:25-cv-587 (W.D.T.X.)) and before the International Trade Commission (337-TA-1450 (I.T.C.)) for alleged infringement of the '381 patent, among other patents. The Western District of Texas proceedings are stayed in favor of the International Trade Commission proceeding. Ex. 5.[4] Onesta has withdrawn its allegations as to the '381 patent from the International Trade Commission proceeding. Ex. 6.

The previous owner of the asserted patents, Advanced Micro Devices Inc. ("AMD"),[5] previously sued Industries Holdings Co., Ltd.; TCL Industries Holdings (H.K.) Limited; TCL Electronics Holdings Limited; TCL Technology Group Corporation; TTE Corporation; TCL Holdings (BVI) Limited; TCL King Electrical Appliances (Huizhou) Co. Ltd.; Shenzhen TCL New Technologies Co., Ltd.; TCL MOKA International Limited; TCL Smart Device (Vietnam) Co., Ltd.; Manufacturas Avanzadas SA de CV; TCL Electronics Mexico, S de RL de CV; TCL Overseas Marketing Ltd.; and Realtek Semiconductor Corp. in the Eastern District of Texas

---

[3] If granted, BMW AG's requested anti-suit injunction would not moot the present request for discovery at least because the German Actions would proceed as to EP '920.

[4] The Court granted the Motion to Stay by text Order on July 2, 2025. Lavenue Decl. at ¶ 6.

[5] ATI Technologies ULC, the owner of other then-asserted patents, joined AMD's suits.

(Case No. 1:22-cv-134 (E.D.T.X.)) and before the International Trade Commission (337-TA-1318 (I.T.C.)) for alleged infringement of the '381 patent, among other patents. The Eastern District of Texas proceeding was stayed in favor of the International Trade Commission proceeding. Ex. 7. On July 7, 2023, Administrative Law Judge Cameron Elliot of the ITC issued an INITIAL DETERMINATION ON VIOLATION OF SECTION 337 AND RECOMMENDED DETERMINATION ON REMEDY AND BOND in Investigation No. 337-TA-1318 finding, *inter alia*, that "Respondents have proven the invalidity of claims 15-17 of U.S. Patent No. 8,854,381." Ex. 8 at 180.

In apparent response to AMD's allegations of infringement of the '381 patent, Realtek Semiconductor Corp. filed a Petition for *Inter Partes* Review in Case No. IPR2023-00687 (P.T.A.B.), alleging unpatentability of claims 15-20 of the '381 patent. Ex. 9. On October 25, 2023, the Patent Trial and Appeal Board issued a Decision Granting Institution of *Inter Partes* Review in Case No. IPR2023-00687 (P.T.A.B.), finding Realtek Semiconductor Corp. had "demonstrated a reasonable likelihood of prevailing in establishing that at least one of claims 15–20 of the '381 patent is unpatentable." Ex. 10 at 36. On June 26, 2025, the Patent Trial and Appeal Board terminated IPR2023-00687 due to settlement. Ex. 11.

  **B. BMW AG's Proposed Discovery**

BMW AG seeks specific information from Onesta that is highly relevant to BMW AG's noninfringement, invalidity/nullity, accounting and damages, value-in-dispute, and procedural positions in the German Actions, as well as BMW AG's positions regarding the availability of injunctive relief. However, the German Actions do not provide discovery processes, such as those available in American courts, that would allow BMW AG to obtain this important information from Onesta. Müller-Stoy Decl. at ¶¶ 21–22; *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (Posner, J.) ("Heraeus cannot obtain even

remotely comparable discovery by utilizing German procedures . . . ."). So, BMW AG seeks targeted discovery here. In particular, the targeted subpoenas BMW AG seeks leave to serve on Onesta are attached to this application as Exhibits A and B, for documents and deposition testimony, respectively. The information sought is provided below:

a) Information describing the relationship between Onesta and AMD, including information demonstrating any ongoing financial interest or influence AMD has in Onesta's litigations and the assignment of the asserted patents from AMD to Onesta, which is relevant to BMW AG's standing, value-in-dispute, and injunction positions.

b) Previous licensing efforts arising from or in connection to one or more of the asserted patents, which are relevant to BMW AG's accounting and damages, value-in-dispute, and procedural positions, as well as a potential license defense. *Clear with Computs., LLC v. Bergdorf Goodman, Inc.*, 753 F. Supp. 2d 662, 664 (E.D. Tex 2010); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008); *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 3241432, at *5 (D. Kan. July 29, 2011).

c) Information related to Onesta's assertion of United States patents in Germany, including non-privileged documents describing, explaining, or sufficient to explain the decision to assert United States patents in Germany, non-privileged communications about the decision, and communications with the press relating to the decision to assert United States patents in Germany, which are relevant to potential market implications of any injunction and to BMW AG's patent misuse defense.

    d) Prior art to the asserted patents, which are relevant to BMW AG's potential nullity positions.

    e) Information related to Onesta's corporate governance, structure, and finances, which is relevant to BMW AG's accounting and damages, value-in-dispute, and procedural positions.

    f) Analyses regarding the asserted patents conducted in the scope of business activity involving patent licensing and enforcement, including any evaluations of potential licensing targets for business purposes, which are relevant to BMW AG's non-infringement, potential nullity, value-in-dispute, and procedural positions.

*See* Ex. A, B. This information has not been produced in the German Actions, yet it is critical for BMW AG's arguments and defenses. *See generally* Müller-Stoy Decl. at ¶¶ 13–20.

Previous licenses and failed licensing attempts (discoverable only by examining Onesta's licensing communications) are also relevant to whether Onesta made statements regarding claim scope during their licensing negotiations that are contrary to positions Onesta has asserted in the German Actions. *See Conopco, Inc. v. Warner-Lambert Co.*, No. Civ.A. 99-101(KSH), 2000 WL 342872, at *6 (D.N.J. Jan. 26, 2000).

Continuing through the German Actions without this information would be unfair to BMW AG, which is why courts dependably find licensing and communications surrounding licensing discoverable. *See Implicit Networks, Inc. v. Juniper Networks, Inc.*, No. C 10-04234, 2012 U.S. Dist. LEXIS 103884, at *3 (N.D. Cal. July 23, 2012) (licensing negotiations discoverable); *In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) (same); *Matsushita Electric Industrial Co., Ltd. v. MediaTek, Inc.*, No. C-05-3148 MMC, 2007 WL 963975, at *5

(N.D. Cal. Mar. 30, 2007) (same); *Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 429-30 (E.D. Tex. 2012) (same); *Koninklijke Philips N.V. v. Wangs All. Corp.*, No. 14-12298, 2018 WL 283893, at *5 (D. Mass. Jan. 2, 2018) (licensing correspondence "is relevant not only for invalidity and infringement but also damages"); *High Point*, 2011 WL 3241432, at *5 ("Other courts have found a patent holder's correspondence with third parties related to licensing negotiations to be relevant in patent infringement suits. Courts have found it relevant to ascertaining the extent of liability, formulating an appropriate litigation strategy, infringement and validity of the patents at issue, whether prior licenses are comparable, and calculation of reasonable royalty.").

For at least these reasons, the information BMW AG seeks is highly relevant to the German Actions.

### III. LEGAL ARGUMENT: BMW AG'S LIMITED DISCOVERY REQUESTS ARE SUPPORTED BY THE SUPREME COURT'S GUIDANCE

#### A. BMW AG's Application Satisfies Section 1782's Statutory Requirements

Section 1782 was designed to assist litigants in gathering evidence for use in foreign tribunals. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Both the Supreme Court and the District of Delaware have acknowledged a Congressional intent to provide a liberal avenue to discovery in aid of foreign and international proceedings. *See, e.g.*, *id.* at 247-48; *In re FourWorld Capital Mgmt. LLC*, No. 23-1460-GBW, 2024 WL 1637400, at *3 (D. Del. Apr. 16, 2024) (citing *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12–mc–193–RGA, 2013 WL 646236, at *1 (D. Del. Feb. 21, 2013)).

An application made pursuant to Section 1782 must satisfy three statutory requirements:(1) the person from whom discovery is sought must reside or be found in the District in which the application is filed; (2) the discovery must be for use in a proceeding before

a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person. 28 U.S.C. § 1782(a); *see, e.g.*, *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 695 (3d Cir. 2018).

<u>First</u>, BMW AG seeks discovery from Delaware resident. A business entity resides in a District where it is incorporated or has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "Onesta is a Delaware Corporation [*sic*] with a principal place of business located at 230 Sugartown Road, Suite 100, Wayne, PA 19087." Ex. 12, *Onesta IP, LLC v. Qualcomm Inc.*, 1:25-cv-587, D.I. 1, at 1 (W.D. Tex. Apr. 17, 2025).

Onesta is an appropriate respondent for BMW AG's subpoena regardless of where requested discovery is physically located. *See In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019) ("We are next tasked with deciding whether § 1782 may be used to reach documents located outside of the United States. We hold that there is no per se bar to the extraterritorial application of § 1782, and the district court may exercise its discretion as to whether to allow such discovery."); *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200 (11th Cir. 2016) (declining "to adopt such a provincial view [that discovery is limited to documents held domestically] given that the statutory text authorizes production of documents 'in accordance with the Federal Rules of Civil Procedure'"); *In re Request from Vienna*, No. 23-mc-258-CFC, 2023 WL 6278815, at *3 (D. Del. Sept. 26, 2023) ("Section 1782 requires that *the person* from whom documents are sought reside or be found in the district. It does not require that *the documents* be maintained or found in the district.").

<u>Second</u>, the discovery BMW AG seeks is "for use in a proceeding before a foreign tribunal." *See Intel*, 542 U.S. at 258 ("The term 'tribunal' . . . includes . . . conventional civil, commercial, criminal, and administrative courts."). "In order to demonstrate that the material at

issue will be 'for use' in the foreign proceeding, a petitioner must meet only a 'low threshold'—that is, it must simply demonstrate that 'the evidence sought is something that will be employed with some advantage or serve some use in the proceeding.'" *In re Selman*, No. 23-895-CJB, 2024 WL 1092025, at *3 (D. Del. Mar. 13, 2024) (quoting *In re Ex Parte Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Procs.*, No. 20-mc-334-MN, 2021 WL 1063390, at *3 (D. Del. Mar. 19, 2021)). The discovery sought will aid BMW AG's litigation positions in the German Actions, Müller-Stoy Decl. at ¶¶ 13–20, so it meets the *de minimis* "for use" factor. *See In re Selman*, 2024 WL 1092025, at *5.

Third, BMW AG is the defendant in the German Actions, so it is an "interested person." *See Intel*, 542 U.S. at 256 (2004) ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782.").

### B. All of the Supreme Court's *Intel* Discretionary Factors Weigh in Favor of Granting BMW AG's Application

In *Intel*, the Supreme Court provided a non-exhaustive list of factors that District Courts can consider when deciding whether to grant Section 1782 applications: (1) whether [the requested] evidence, available in the United States, may be unobtainable absent § 1782(a) aid"[6]; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial

---

[6] While some courts recite the first factor as whether "the person from whom discovery is sought is a participant in the foreign proceeding," that merely informs the inquiry of whether the evidence requested may be obtained absent § 1782 assistance because, as the Supreme Court noted, assuming a foreign court's ability to compel discovery, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant." *Intel*, 542 U.S. at 264.

assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." 542 U.S. at 264–65. In the Third Circuit, a party opposing discovery under Section 1782(a) "has the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application." *In re Chevron Corp.*, 633 F.3d 153 (3d Cir. 2011) (quoting *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 190 (3d Cir. 1999)) (internal quotation marks omitted).

### 1. BMW AG Cannot Obtain the Information it Needs Through German Discovery

In *Intel*, the Court expressed its concern that a party to a foreign litigation would use Section 1782 to obtain evidence that it could have obtained through foreign procedure in the foreign tribunal. *Id.* Courts, however, find the first *Intel* factor at least neutral with respect to German proceedings because German courts do not allow the extent of early discovery allowed in the United States. *See In re Biomet*, 742 F. App'x at 696 ("A party to a German lawsuit cannot demand categories of documents from his opponent. All he can demand are documents that he is able to identify specifically—individually, not by category." (citation omitted); *Kulzer v. Esschem*, 390 F. App'x 88, 92 (3d Cir. 2010) ("German civil procedure does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States; any request to the German court must be for *specific* documents, and without access to Biomet's files, Heraeus [Kulzer] cannot pinpoint what it is seeking; and the German court has no jurisdiction over a non-party such as Esschem."); *Heraeus Kulzer*, 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *but see Amazon.com, Inc. v. Nokia Am. Corp.*, No. 24-493-GBW, 2025 WL 220301, at *5 (D. Del. Jan. 16, 2025) (finding limited German proof

- 10 -

gathering mechanisms "indicate that there are ways for these foreign courts [the Munich Regional Court and UPC] to access the licenses in question").

This factor is thus at least neutral because the German courts do not allow discovery into, for example, (1) licensing and litigation history of the asserted patents; (2) Onesta's corporate structure, organization, and relationship with Advanced Micro Devices Inc.; (3) Advanced Micro Devices Inc. and the inventors of the asserted patents' involvement in litigation involving the asserted patents; (4) Onesta's interpretations of technical terms; (5) invention, assignment, and prosecution of the asserted patents; and (6) products embodying one or more of the asserted patents. Müller-Stoy Decl. at ¶¶ 13–22; *see Kulzer*, 390 F. App'x at 92.

### 2. German Courts are Receptive to Information Obtained Through United States Discovery

A decision to grant a Section 1782 application should "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. The question for the second *Intel* factor is not whether the petitioner could obtain discovery in the foreign tribunal, but whether the German court would reject the information the petitioner seeks. *See id.* at 260 ("Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there."). "[I]n deciding the merits of a § 1782 application, it is not the job of the district court 'to determine whether *particular* evidence would be admissible in a foreign court.' Rather, the court should direct its inquiry 'generally [to] the receptivity to U.S. federal-court judicial assistance.'" *In re Request from Vienna*, 2023 WL 6278815 at *5 (quoting *In re*

- 11 -

*O'Keeffe*, 646 F. App'x 263, 267 (3d Cir. 2016) (emphasis in original; second modification in original)).

German courts routinely accept discovery obtained through § 1782 proceedings. *See* Müller-Stoy Decl. at ¶ 23; *see also Kulzer*, 633 F.3d at 597 ("[T]here is nothing to suggest that the German court would be affronted by [Applicant's] recourse to U.S. discovery or would refuse to admit any evidence."). And the German court presiding over the German Proceeding has given no indication that it would not consider evidence produced in response to a subpoena under Section 1782. Müller-Stoy Decl. at ¶¶ 24–26. Moreover, U.S. courts have routinely granted Section 1782 applications seeking discovery for use in German proceedings, including on an ex parte basis. *See, e.g.*, *In re Financialright Claims GmbH*, No. 23-cv-1481, 2024 WL 4818177 (D. Del., Nov. 18, 2024) (granting over objection Section 1782 petition for discovery to be used in German litigation); *In re Xiaomi*, 4:23-mc-96, 2025 WL 714374, at *7 (E.D. Tex. Mar. 5, 2025) (granting petition seeking agreements and negotiations "relevant to Xiaomi's FRAND defense" for use in German proceedings); *In re Thales Dis Ais Deutschland GmbH*, No. 3:21-MC-303, 2021 WL 7707268, at *1 (N.D. Tex. Nov. 5, 2021) (granting Section 1782 application for use in a dispute involving FRAND issues in the Munich Regional Court); *In re Apple Inc.*, No. 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) (denying motion to quash subpoena granted under Section 1782 for license agreements and related correspondence for use in FRAND-related arguments in German lawsuits).

Accordingly, the second *Intel* factor weighs in favor of granting BMW AG's Application.

### 3. BMW AG Is Not Attempting to Circumvent German Proof-Gathering Restrictions or Policies

Under Section 1782, the documents and testimony sought do not need to be discoverable in the foreign court. *See Intel*, 542 U.S. at 260–63. But the district court should consider whether

- 12 -

the petitioner is seeking "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, should a district court refrain from granting the assistance offered by the act." *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) (internal quotations omitted). And courts should favor permitting discovery unless there is some indication that the foreign tribunal would deny access to the discovery sought. *See In re Chevron*, 633 F.3d at 163 ("Without a definitive determination that the Lago Agrio Court has denied Chevron access to the same documents that Chevron seeks in its section 1782 discovery application, an issue on which appellants bear the burden of proof as the parties opposing discovery, it cannot be said that Chevron's section 1782 application is 'an attempt to circumvent foreign proof-gathering restrictions.'" (quoting *Intel*, 542 U.S. at 265)); *but see Amazon.com*, 2025 WL 220301, at *6 (imposing threshold requirement to "attempt[] to seek [] discovery in Germany" (modifications in original)).

Germany does not prohibit obtaining material through Section 1782. And where, as here, the record explains that seeking discovery through the foreign tribunal would be futile, courts in this District have found that the applicant is not attempting to circumvent foreign proof gathering restrictions. *In re Selman*, 2024 WL 1092025, at *8. Moreover, "there is no circumvention" of German proof-gathering restrictions by seeking discovery through Section 1782 because "U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings." *In re Illumina Cambridge Ltd.,* No. 19-80215, 2019 WL 5811467, *5 (N.D. Cal. Nov. 7, 2019) (quoting *In re IPCom GMBH & Co. KG,* No. 5:14-mc-80037, 2014 WL 12772090, at *3 (N.D. Cal. Apr. 10, 2014)). Dr. Müller-Stoy's Declaration also establishes that German courts will accept the discovery BMW AG seeks. Müller-Stoy Decl. at ¶¶ 23–26.

Accordingly, the third *Intel* factor weighs in favor of granting BMW AG's Application.

    **4.    The Scope of Information BMW AG Seeks is Commensurate with the Information's Relevance to the German Proceeding and Will Not Unduly Burden Onesta**

Discovery under Section 1782 is as broad as discovery under the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782(a). "The reference in § 1782 to the Federal Rules suggests that under ordinary circumstances the standards for discovery under those rules should also apply when discovery is sought under the statute." *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998). Indeed, the Federal Rules permit discovery into "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Here, the document requests for the Respondent are narrowly tailored and directly relevant and proportional to the issues in the foreign proceedings. Müller-Stoy Decl. at ¶¶ 13–20; Section II.B, *supra*. This information is directly relevant to BMW AG's defense against allegations of infringement in the German Actions and to potential nullity proceedings. Müller-Stoy Decl. at ¶ 12–14, 18.

Moreover, a deposition is necessary to aid BMW AG's understanding that may not be available from documents alone.

BMW AG additionally attaches to this Application as Exhibit C a proposed Protective Order to limit the use of confidential information produced in response to the subpoenas attached to this Application as Exhibits A and B. This Protective Order mitigates any potential burden of the production of allegedly confidential material.

Accordingly, the fourth *Intel* factor weighs in favor of granting BMW AG's Application.

IV. **CONCLUSION: THE COURT SHOULD GRANT BMW AG'S REQUESTED DISCOVERY**

For the reasons discussed above, BMW AG respectfully requests that this Court enter the proposed order submitted concurrently with this filing pursuant to § 1782(a) authorizing BMW AG to obtain limited discovery from Onesta as set forth in the proposed Rule 45 subpoenas attached as Exhibits A and B.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Lionel M. Lavenue<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>1875 Explorer Street<br>Suite 800<br>Reston, VA 20190-6023<br>(571) 203-2750<br><br>Matthew C. Berntsen<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>Two Seaport Lane<br>Sixth Floor<br>Boston, MA 02210-2001<br>(617) 646-1618<br><br>Joseph M. Myles<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>901 New York Avenue NW<br>Washington, DC 20001-4413<br>(202) 408-4372<br><br>Dated: December 24, 2025 | */s/ Andrew E. Russell*<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>arussell@shawkeller.com<br>*Attorney for Applicant Bayerische Motoren Werke Aktiengesellschaft* |