# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Bayerische Motoren Werke Aktiengesellschaft | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| N/A | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Onesta IP, LLC, c/o A Registered Agent, Inc. 8 The Green, Ste A, Dover, DE 19901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: 1105 N Market Street, Ste 200, Wilmington DE 19801 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bayerishe Motoren Werke Aktiengesellschaft                , who issues or requests this subpoena, are:
Matthew Berntsen, 2 Seaport Ln, Boston, MA 02210; matthew.berntsen@finnegan.com; 617.646.1618

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

1. "Onesta" or "You" shall mean Onesta IP, LLC and its subsidiaries, affiliates, and assigns.

2. "BMW AG" shall mean Bayerische Motoren Werke Aktiengesellschaft.

3. "Accused Technology" shall mean the BMW i4 and BMW 4 Gran Coupe, which Onesta alleges in the German Actions are equipped with Qualcomm Snapdragon System-on-Chip with integrated Adreno GPU.

4. "German Actions" shall mean all of, or one or more of, as renders each request broader in scope, German Case Nos. 21 O 13056/25, 21 O 12768/25, and 21 O 13057/25, pending in the Munich Regional Court I based on the complaint filed by Onesta on October 9, 2025, alleging infringement of the Patents-in-Suit.

5. "Patents-in-Suit" shall refer to EP 2 473 920 B1 ("EP '920") and its Related Applications; US 8,854,381 ("the '381 patent"); and US 8,443,209 ("the '209 patent").

6. "AMD" shall mean Advanced Micro Devices Inc. and its subsidiaries, affiliates, and assigns.

7. "Qualcomm" shall mean Qualcomm, Inc. and its subsidiaries, affiliates, and assigns.

8. "Nothing Technology" shall mean Nothing Technology Limited and its subsidiaries, affiliates, and assigns.

9. "OnePlus" shall mean OnePlus Technology (Shenzhen) Co., Ltd. and its subsidiaries, affiliates, and assigns.

1

10. "Nvidia" shall mean NVIDIA Corporation and its subsidiaries, affiliates, and assigns.

## INSTRUCTIONS

1. If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies. *See* FED. R. CIV. P. 45(e)(2)(A).

2. For avoidance of doubt, these Requests are limited to documents in Your possession, custody, or control regardless of where in the world they may be located.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

Unredacted versions of Onesta's confidential information in ITC filings in 337-TA-1450, including but not limited to Onesta's and AMD's confidential appendices and exhibits filed in support of Onesta's Complaint for patent infringement. For the avoidance of doubt, confidential information of any Respondent in 337-TA-1450 protected from disclosure by Onesta may be redacted prior to production.

**REQUEST FOR PRODUCTION NO. 2**:

Licenses, agreements, contracts, settlements, proposals, relating to one or more of the Patents-in-Suit and communications arising from attempts to license or assign one or more of the Patents-in-Suit, including attachments or exhibits to those documents.

**REQUEST FOR PRODUCTION NO. 3**:

Communications between Onesta and AMD, including communications related to the sale or acquisition of one or more of the Patents-in-Suit and communications relating to the German Actions or litigation against Qualcomm, Nvidia, OnePlus, and/or Nothing Technology, including but not limited to 337-TA-1450 (I.T.C.), Case No. 1:25-cv-586 (W.D.T.X.), and Case No. 1:25-cv-587 (W.D.T.X.).

**REQUEST FOR PRODUCTION NO. 4**:

Communications with any named inventor of one or more of the Patents-in-Suit relating to the subject matter of such patent(s), the German Actions, or litigation against Qualcomm, Nvidia, OnePlus, and/or Nothing Technology, including but not limited to 337-TA-1450 (I.T.C.), Case No. 1:25-cv-586 (W.D.T.X.), and Case No. 1:25-cv-587 (W.D.T.X.).

**REQUEST FOR PRODUCTION NO. 5**:

Unredacted versions of redacted exhibits filed by Onesta in support of the Complaint for patent infringement filed in the German Actions.

**REQUEST FOR PRODUCTION NO. 6**:

Any documents provided to Onesta in connection with the assignment of the Patents-in-Suit to Onesta, including but not limited to the non-public patent prosecution files for the Patents-in-Suit and any documentation provided to prosecution counsel when preparing the patent applications leading to the Patents-in-Suit or any request for a certificate of correction.

**REQUEST FOR PRODUCTION NO. 7**:

Documents sufficient to understand Onesta's corporate structure and governance, including but not limited to a current organizational chart, current incorporation documentation and governance procedures, and a current listing of corporate officers or directors.

**REQUEST FOR PRODUCTION NO. 8**:

Documents and communications between Onesta and any litigation funder relating to or seeking litigation funding for or related to litigation against BMW AG, Qualcomm, Nvidia, OnePlus, or Nothing Technology, including but not limited to documents relating to any expected return or containing an evaluation of one or more of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 9**:

Documents relating to analyses conducted by Onesta and/or its agents regarding one or more of the Patents-in-Suit conducted in the scope of Onesta's business activity involving patent licensing and enforcement, including any documents used or created for the purpose of analyzing or evaluating BMW AG, Qualcomm, Nvidia, OnePlus, Nothing Technology, or others as potential licensing targets.

**REQUEST FOR PRODUCTION NO. 10**:

Documents that are or are asserted to be prior art to one or more of the Patents-in-Suit, including such documents identified in connection to litigation against Qualcomm, Nvidia, OnePlus, and/or Nothing Technology, including but not limited to 337-TA-1450 (I.T.C.), Case No. 1:25-cv-586 (W.D.T.X.), and Case No. 1:25-cv-587 (W.D.T.X.).

**REQUEST FOR PRODUCTION NO. 11**:

Documents sufficient to identify any product that is or is alleged to be prior art to one or more of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 12**:

Prior art documents located as part of any pre-suit diligence performed in connection to the German Actions or litigation against Qualcomm, Nvidia, OnePlus, and/or Nothing

Technology, including but not limited to 337-TA-1450 (I.T.C.), Case No. 1:25-cv-586 (W.D.T.X.), and Case No. 1:25-cv-587 (W.D.T.X.).

**REQUEST FOR PRODUCTION NO. 13**:

Non-privileged documents describing, explaining, or sufficient to explain Onesta's decision to assert United States patents in German court.

**REQUEST FOR PRODUCTION NO. 14**:

Documents supporting or refuting any efforts by Onesta and/or AMD to comply with the marking requirement in connection with one or more of the Patents-in-Suit, including but not limited to Onesta and/or AMD's efforts to enforce marking by any licensees or affiliates.

**REQUEST FOR PRODUCTION NO. 15**:

Communications with any reporter or news agency concerning the German Actions, efforts to enforce United States patents in German court, or one or more of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 16**:

Documents sufficient to show the full scope of Your relationship with AMD.