# EXHIBIT A

| | |
|---|---|
| **From:** | Daniel Pearson <dpearson@caldwellcc.com> |
| **Sent:** | Saturday, May 9, 2026 10:00 PM |
| **To:** | Andrew Russell; Brian Farnan; Myles, Joseph; Berntsen, Matthew; Julie Seger; Onesta-BMW |
| **Cc:** | Lavenue, Lionel; BMW-OnestaIP |
| **Subject:** | RE: Onesta/BMW - Subpoenas for Service |
| **Attachments:** | JPM Order.pdf |

Andrew,

We are aware that the routine discovery teleconference procedures are sometimes used in Section 1782 actions in the District of Delaware.  For example, in the single case you cite below.  As I'm sure you're aware from the record of that case (attached), the substance of that order granting the 1782 application is materially different from the one issued in this case.  For example, the *JP Morgan Chase* order granting the 1782 application, unlike this case, specifically required a motion for teleconference to resolve discovery disputes.  The lack of that provision in the order governing this case is telling.

As the order in this case itself demonstrates on its face, it is not always required.  The routine discovery teleconference procedures are especially inappropriate in this case, because as you will recall from the meet and confer, the main issues are not routine discovery issues but are BMW's lack of standing to seek relief and judicial estoppel based on BMW's conduct in other related matters.

Per your request, we will endeavor to get you authority you request for the proposition that 1782 disputes can be fully briefed when the party seeking relief 1) has no standing to seek relief in federal court, and 2) is estopped from seeking relief based on its conduct in other federal courts.  However, it will not likely be by Monday.

As you may not be aware (as local counsel for BMW in Delaware), Onesta and its counsel are spending the time between now and Monday preparing for a motion to compel hearing in Philadelphia on Monday where BMW is attempting to compel the same discovery from Onesta's directors personally.  BMW's attempt to hedge against an unfavorable outcome in Philadelphia by re-moving to compel the same materials in Delaware is improper, and another independent reason fully briefing on this issue is appropriate.  *See below* ("in an effort to minimize the burden of production on Onesta and its principals, Mr. Loo and Mr. Marino, who are subject to 1782 discovery in E.D.P.A., BMW will not require that any single document be produced more than once regardless of whether it is in the possession, custody, or control of more than one discovery target").

Accordingly, we will provide the requested authority as soon as practicable.

Thanks,
Daniel

**From:** Andrew Russell <arussell@shawkeller.com>
**Sent:** Saturday, May 9, 2026 10:22 AM
**To:** Brian Farnan <bfarnan@farnanlaw.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Daniel Pearson <dpearson@caldwellcc.com>; Julie Seger <jseger@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>

1

**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>
**Subject:** Re: Onesta/BMW - Subpoenas for Service

> **Warning: Unusual sender** <arussell@shawkeller.com>
> You don't usually receive emails from this address. Make sure you trust this sender before taking any actions.

Hi Brian,

We believe the Court would prefer we use its discovery dispute procedures. *See In re: JPMorgan Chase & Co.*, C.A. No. 24-573, D.I. 22 (D. Del. July 16, 2024) (ordering that "Petitioner shall file a Motion for Teleconference to Resolve Discovery Dispute" rather than a motion to compel to resolve a discovery dispute in a § 1782 action).  If you have any authority to the contrary, please let us know. Otherwise we'll plan to proceed with filing our motion for teleconference on Monday, and will note that opposing counsel did not provide dates.

Andrew E. Russell
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0704

---

**From:** Brian Farnan <bfarnan@farnanlaw.com>
**Date:** Friday, May 8, 2026 at 7:56 PM
**To:** Myles, Joseph <Joseph.Myles@finnegan.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Daniel Pearson <dpearson@caldwellcc.com>; Julie Seger <jseger@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Andrew Russell <arussell@shawkeller.com>
**Subject:** RE: Onesta/BMW - Subpoenas for Service

Hi Joey,

We believe the issue should be briefed according to the local rules given the nature of the action.

Thanks,
Brian

---

**From:** Myles, Joseph <Joseph.Myles@finnegan.com>
**Sent:** Friday, May 8, 2026 7:12 PM
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Daniel Pearson <dpearson@caldwellcc.com>; Julie Seger <jseger@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Andrew Russell <arussell@shawkeller.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Onesta/BMW - Subpoenas for Service

Hi Daniel,

I write to follow up on your availability over the next few weeks for a teleconference before Judge Hatcher.

Regards,

Joey

---

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Thursday, May 7, 2026 6:13 AM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Julie Seger <jseger@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Andrew Russell <arussell@shawkeller.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** Re: Onesta/BMW - Subpoenas for Service

Hi Daniel,

I write with a quick follow-up on two points:

First, to clarify the below and make sure it is consistent with our discussion on the meet and confer, BMW narrows the definition of "Patents-in-Suit" to no longer include the '209 patent <u>as the term is used in requests related to validity</u>. BMW still seeks information related to value of the '209.

Second, Judge Hatcher's discovery dispute procedure requires us to advise as to the parties' availability for a teleconference. Could you please provide at least four dates in the next few weeks that would work for your team?

Regards,
Matt

--

**Matthew C. Berntsen**, Partner (he/his)
Finnegan | Firm Bio | LinkedIn

---

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Wednesday, May 6, 2026 16:12
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Julie Seger <jseger@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Andrew Russell <arussell@shawkeller.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** Re: Onesta/BMW - Subpoenas for Service

Hi Daniel,

Thank you again for the meet and confer yesterday. I write to memorialize a few points.

First, I confirm that BMW withdraws RFPs 7 and 14 and narrows the definition of "Patents-in-Suit" to no longer include the '209 patent. As we discussed, the '381 patent is the U.S. counterpart to the EP '920 at issue in Germany, and so the subject matter of both remains within the scope of that term.

3

Second, I confirm that, in an effort to minimize the burden of production on Onesta and its principals, Mr. Loo and Mr. Marino, who are subject to 1782 discovery in E.D.P.A., BMW will not require that any single document be produced more than once regardless of whether it is in the possession, custody, or control of more than one discovery target. If it is less burdensome for you not to deduplicate documents, that is acceptable a well.

Last, we discussed a few of the objections lodged by Onesta. With respect to Onesta's objections to requests for documents filed with courts or shared with third parties, and RFP 5 regarding unredacted German court filings in particular, Onesta was unable to identify any basis for its privilege objection yet declined to withdraw it. Moreover, when asked, you declined to state whether to date Onesta has undertaken any search in response to BMW's subpoenas.

Regards,
Matt

--
**Matthew C. Berntsen**, Partner (he/his)
Finnegan | <u>Firm Bio</u> | <u>LinkedIn</u>

---

**From:** Daniel Pearson <<u>dpearson@caldwellcc.com</u>>
**Sent:** Thursday, April 30, 2026 17:21
**To:** Berntsen, Matthew <<u>Matthew.Berntsen@finnegan.com</u>>; Julie Seger <<u>jseger@caldwellcc.com</u>>; Onesta-BMW <<u>Onesta-BMW@caldwellcc.com</u>>
**Cc:** Lavenue, Lionel <<u>lionel.lavenue@finnegan.com</u>>; BMW-OnestaIP <<u>BMW-OnestaIP@finnegan.com</u>>; Andrew Russell <<u>arussell@shawkeller.com</u>>; Brian Farnan <<u>bfarnan@farnanlaw.com</u>>
**Subject:** RE: Onesta/BMW - Subpoenas for Service

Matt,

We are available at 11AM on Tuesday May 5.

Thanks,
Daniel

**From:** Berntsen, Matthew <<u>Matthew.Berntsen@finnegan.com</u>>
**Sent:** Thursday, April 30, 2026 11:02 AM
**To:** Daniel Pearson <<u>dpearson@caldwellcc.com</u>>; Julie Seger <<u>jseger@caldwellcc.com</u>>; Onesta-BMW <<u>Onesta-BMW@caldwellcc.com</u>>
**Cc:** Lavenue, Lionel <<u>lionel.lavenue@finnegan.com</u>>; BMW-OnestaIP <<u>BMW-OnestaIP@finnegan.com</u>>; Andrew Russell <<u>arussell@shawkeller.com</u>>; Brian Farnan <<u>bfarnan@farnanlaw.com</u>>
**Subject:** Re: Onesta/BMW - Subpoenas for Service

**Warning: Unusual sender** <<u>matthew.berntsen@finnegan.com</u>>
You don't usually receive emails from this address. Make sure you trust this sender before taking any actions.

Hi Daniel,

Thank you for the email.

Tuesday is better for us - could you please let us know what your availability looks like on May 5?

Best,
Matt

--
**Matthew C. Berntsen**, Partner (he/his)
Finnegan | Firm Bio | LinkedIn

---

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Wednesday, April 29, 2026 17:48
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Julie Seger <jseger@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Andrew Russell <arussell@shawkeller.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Onesta/BMW - Subpoenas for Service

Matt,

We are available on Monday, May 4 at 11AM Central, or have greater availability on Tuesday May 5th if that's more convenient.

Thanks,
Daniel

---

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Wednesday, April 29, 2026 2:58 PM
**To:** Julie Seger <jseger@caldwellcc.com>; Daniel Pearson <dpearson@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Andrew Russell <arussell@shawkeller.com>
**Subject:** Re: Onesta/BMW - Subpoenas for Service

**Warning: Unusual sender** <matthew.berntsen@finnegan.com>
You don't usually receive emails from this address. Make sure you trust this sender before taking any actions.

Counsel,

I'm following up regarding your availability for a meet-and-confer regarding Onesta's objections and responses. Please let us know when you can speak.

Regards,

Matt

--

**Matthew C. Berntsen**, Partner (he/his)
Finnegan | Firm Bio | LinkedIn

---

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Monday, April 27, 2026 14:15
**To:** Julie Seger <jseger@caldwellcc.com>; Daniel Pearson <dpearson@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Andrew Russell <arussell@shawkeller.com>
**Subject:** Re: Onesta/BMW - Subpoenas for Service

Counsel,

BMW disagrees with Onesta's position that the Delaware proceeding is moot and that BMW's subpoenas are unenforceable.

Please let us know your availability to meet and confer this week, including our respective local counsel, regarding Onesta's objections and responses and the appropriate next steps.

Regards,

6

Matt

--

**Matthew C. Berntsen**, Partner (he/his)
Finnegan | Firm Bio | LinkedIn

---

**From:** Julie Seger <jseger@caldwellcc.com>
**Sent:** Tuesday, April 21, 2026 16:33
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Daniel Pearson <dpearson@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>
**Subject:** RE: Onesta/BMW - Subpoenas for Service

Counsel,

Please find attached for service Onesta's Objections and Responses to BMW's Topics of Examination (Nos. 1-12), and Onesta's Objections and Responses to BMW's Requests for Production (Nos. 1-16).

Kind regards,

Julie

Julie Seger /// Caldwell Cassady & Curry

Senior Paralegal

2121 N. Pearl Street, Suite 1200, Dallas, TX 75201

Direct: 214.888.4965 | Fax: 214.888.4849 | Mobile: 281.224.2268

jseger@caldwellcc.com

www.caldwellcc.com

---

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Tuesday, April 7, 2026 10:04 AM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>
**Subject:** Onesta/BMW - Subpoenas for Service

**External sender** <matthew.berntsen@finnegan.com>
Make sure you trust this sender before taking any actions.

Counsel,

Please see the attached and confirm whether you accept service of the subpoenas directed to Onesta IP, LLC.

Also attached are third-party subpoenas on AMD Inc., which are out for service.

Best,

Matt

--

**Matthew C. Berntsen**

Partner | Firm Bio | LinkedIn

(he/his)
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP

Two Seaport Lane, Sixth Floor, Boston, MA 02210-2001
p: 617.646.1618 | f: 617.646.1666 | matthew.berntsen@finnegan.com | www.finnegan.com

---

FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.