IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Ex Parte Application of BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT<br><br>    Applicant,<br><br>for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding. | C.A. No. 25-1561-JLH-LDH |

**BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT'S NOTICE OF RECENT DEVELOPMENTS AND FURTHER NARROWING OF REQUESTED DISCOVERY**

Applicant Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") respectfully submits this Notice to advise the Court of developments in the German proceedings that followed BMW AG's *ex parte* Application for Discovery under 28 U.S.C. § 1782 for use in foreign proceedings against Onesta IP, LLC ("Onesta") involving an unprecedented assertion of two United States patents, as well as one European patent, in Germany.

First, Onesta has withdrawn its infringement allegations against BMW AG in Germany. But, the issue of attorneys' fees, awarded as a matter of right following termination of German litigation, remains pending. To fix an attorneys' fees award, the German court looks to evidence such as the purchase price and licensing history of the asserted patent, and the German court has already suggested that this evidence, which BMW AG seeks through this 1782 proceeding, is missing from the record.

Second, BMW AG stated in its Application that it intended to file a nullity action challenging the validity of the European patent that Onesta had asserted against it in Germany.

Consistent with that stated intent, on January 26, 2026, BMW AG joined a nullity action filed by NVIDIA GmbH challenging the validity of Onesta's European patent before the German Federal Patent Court.[1] Ex. A. That action remains pending.

Third, in the United States District Court for the Eastern District of Pennsylvania, where BMW AG is also pursuing discovery from Onesta's principals, Bill Marino and David Loo, pursuant to 28 U.S.C. § 1782, the Court compelled Messrs. Marino and Loo's compliance with document and deposition subpoenas for use in the German value-in-dispute and nullity proceedings. *In re Ex Parte Application of Bayerische Motoren Werke Aktiengesellschaft*, No. 2:25-mc-00073-GAW, D.I. 30 (E.D. Pa. May 28, 2026).

In view of those updates, BMW AG narrowed the discovery it seeks from Onesta for use in the ongoing German proceedings. Exs. B–C.

## I.      Status of the German Proceedings

### 1.   Value-in-Dispute Remains Pending in the Withdrawn German Infringement Actions

On October 9, 2025, Onesta initiated infringement actions against BMW AG in the Munich Regional Court I, alleging infringement of EP '920, U.S. Patent No. 8,854,381 (the "'381 patent"), and U.S. Patent No. 8,443,209 (the "'209 patent"). D.I. 3-1. On March 12, 2026, Onesta moved to withdraw those actions following what it stated was the formal execution of its agreement with Qualcomm Incorporated ("Qualcomm"), the maker of the chips underlying

---

[1] The German court lacks the authority to find Onesta's US patents invalid, so BMW AG has only challenged Onesta's European patent in foreign proceedings and has challenged the validity of Onesta's US patents in unrelated US proceedings.

Onesta's infringement allegations against BMW AG.[2] Ex. D.[3] In doing so, Onesta stated that it was withdrawing the actions "with a view to an amicable agreement reached between plaintiff and the supplier of the processor chips that are installed in the attacked embodiments and on which the allegation of infringement is based." *Id.* As such, the issues of patent infringement are no longer pending in the German infringement proceedings.

But Onesta's withdrawal of its infringement allegations did not end all issues in the German infringement proceedings. Specifically, in Germany, attorneys' fees are awarded as a matter of right following a merits determination. D.I. 4 ¶ 15. To determine the award of attorneys' fees, the German court determines the value-in-dispute of each proceeding, which is dictated in patent cases by the value of the asserted patent. *Id.* The court then enters the value-in-dispute into a statutory table that produces the appropriate attorneys' fees award. Ex. E ¶ 4. In the German infringement proceedings, BMW AG requested that the value-in-dispute be set at €30 million, while Onesta requested the value-in-dispute be set at €1 million. *Id.*

On May 12, 2026, the Munich Regional Court I issued Orders setting the value in dispute in the three Munich actions. Ex. F.[4] In its decisions, the court highlighted that the record lacked evidence demonstrating the value of the asserted patents, such as Onesta's past licenses. *Id.* Specifically, the German court expressly noted that the record lacked information concerning

---

[2] Onesta has since confirmed that it reached an agreement with RPX, which counsel for Onesta's principals characterized as "an entity that sort of charges a membership fee … and will settle sort of portfolio deals for a lot of its clients at once." *In re Ex Parte Application of Bayerische Motoren Werke Aktiengesellschaft*, No. 2:25-mc-00073-GAW, D.I. 23, at 34:23–35:2 (E.D. Pa. May 11, 2026). Counsel clarified that RPX was operating on behalf of Qualcomm, among "many different companies who were members of RPX." *Id.* at 35:3–6.

[3] The attached exhibit is provided as a representative example from one of the three German proceedings; the corresponding filings in the other two actions are substantially identical.

[4] The attached exhibit is provided as a representative example from one of the three German proceedings; the corresponding orders in the other two actions are substantially identical.

customary licensing "caps" and "floors," including ARB (Aggregate Royalty Burden), and corresponding comparable license agreements. *Id.*

That issue remains live. BMW AG has six months to appeal the German court's value-in-dispute determination, and, on appeal, has the opportunity to submit additional evidence, such as the documents the German court noted were missing from the record. Ex. F. BMW AG will appeal the German court's value-in-dispute Orders and intends to submit patent-valuation and licensing evidence it acquires through these 1782 proceedings. As such, the discovery BMW AG seeks through these proceedings remains relevant to the pending German proceedings.

### 2. BMW AG's Nullity Action Remains Active Before the German Federal Patent Court

In response to Onesta's infringement allegations, BMW AG sought to challenge Onesta's European patent by joining a nullity action initially filed by NVIDIA. *See* Ex. A. So, after NVIDIA withdrew from the nullity action on March 20, 2026, (Ex. G) BMW AG remained a party to those proceedings. Thus, the nullity action remains pending before the German Federal Patent Court.

Under German procedure, that nullity action is a separate German proceeding from the withdrawn German infringement proceedings because infringement proceedings and nullity proceedings are separate actions heard by different courts. Patent infringement actions are heard by the Regional Courts, whereas nullity actions challenging the validity of a German patent or the German portion of a European patent are heard by the German Federal Patent Court. *See* Ex. E ¶ 10. The termination of an infringement action therefore does not, by itself, terminate or dispose of a separately pending nullity action.[5] *Id.*

---

[5] For the same reason, Onesta's Covenant not to Sue BMW AG for infringement of its European patent, filed in a separate proceeding, does not moot BMW AG's nullity action. *In re Ex Parte Application of Bayerische Motoren Werke Aktiengesellschaft*, No. 2:25-mc-00073-GAW, D.I.

Accordingly, BMW AG's nullity action remains pending before the German Federal Patent Court, and BMW AG continues to seek discovery for use in that proceeding.

**II.      The Eastern District of Pennsylvania Recently Granted BMW AG's Motions to Compel in Part**

In separate proceedings before the United States District Court for the Eastern District of Pennsylvania, BMW AG is seeking Section 1782 discovery from Onesta's principals, Bill Marino and David Loo, for use in the same remaining German proceedings described above. In response to BMW AG's discovery requests, Messrs. Marino and Loo refused to produce documents or attend depositions, asserting that BMW AG lacked Article III standing to seek relief from a Federal Court because Onesta's infringement allegations had been withdrawn in Germany. Ex. H. So, BMW AG moved to compel responses to its document and deposition subpoenas served in connection to 28 U.S.C. § 1782. *In re Ex Parte Application of Bayerische Motoren Werke Aktiengesellschaft*, No. 2:25-mc-00073-GAW, D.I. 11 (E.D. Pa. Mar. 20, 2026).

On May 28, 2026, the Eastern District of Pennsylvania granted BMW AG's Motions to Compel in part and denied them in part. *In re Ex Parte Application of Bayerische Motoren Werke Aktiengesellschaft*, No. 2:25-mc-00073-GAW, D.I. 30 (E.D. Pa. May 28, 2026). The Court held that BMW AG has Article III standing to obtain discovery as an "interested person" under Section 1782. *Id.* at 1 n.1 (quoting *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1111 (9th Cir. 2015)). The Court therefore ordered Messrs. Marino and Loo to produce specified categories of documents by June 21, 2026, and sit for depositions. The Court narrowed the scope of discovery to materials found relevant to the ongoing German proceedings. *Id.* at 1 n.2.

---

24-4 (E.D. Pa. May 13, 2026); Ex. E ¶¶ 10–14 (explaining that German nullity proceedings serve the public interest of eliminating invalid patent rights, so do not require the claimant to establish a separate personal interest).

5

### III.    BMW AG Has Narrowed Its Requests Accordingly

In view of these updates, BMW AG has continued to streamline the discovery it seeks from Onesta. Exs. B-C. Specifically, BMW AG withdrew RFPs 7, 8, and 13–16 and topics 2, 6, 7, and 9–11; narrowed "Patents-in-Suit" to only family members of the challenged European patent as the term relates to information bearing on validity; and narrowed RFP 1 to seek only documents concerning the validity of one patent, which is a family member of the challenged European patent. BMW AG also confirmed that it would not require any single document to be produced more than once, regardless of whether that document is in the possession, custody, or control of Onesta or its principals. BMW AG intends these changes to make the scope of discovery sought in this matter commensurate with the scope of BMW AG's RFPs as to Messrs. Marino and Loo, as narrowed by the Eastern District of Pennsylvania.

                                            /s/ Virginia K. Lynch
                                            Andrew E. Russell (No. 5382)
OF COUNSEL:                                 Virginia K. Lynch (No. 7423)
Lionel M. Lavenue                           SHAW KELLER LLP
FINNEGAN, HENDERSON, FARABOW,               I.M. Pei Building
   GARRETT & DUNNER, LLP                    1105 North Market Street, 12th Floor
1875 Explorer Street                        Wilmington, DE 19801
Suite 800                                   (302) 298-0700
Reston, VA 20190-6023                       arussell@shawkeller.com
 (571) 203-2750                             glynch@shawkeller.com
                                            *Attorney for Applicant Bayerische Motoren*
                                            *Werke Aktiengesellschaft*
Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Seaport Lane
Sixth Floor
Boston, MA 02210-2001
(617) 646-1618


Joseph M. Myles
David T. Faurie
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4372

Dated: June 2, 2026