# Exhibit F

Certified copy

# Munich Regional Court I

Case No.:    21 O 12768/25





PE  BRM        PD

AD              Abt

**12. Mai 2026**

AZ  B180857VL1

PE  BEA DSM 12:28

Komm.  SW-Beschwerde bereits notiert

In the legal dispute

**Onesta IP, LLC**, represented by CEO William Marino, 230 Sugartown Road, Suite 100, Wayne, PA 19087, United States of America
- Plaintiff -

Legal Representatives:
Law Firm **Peterreins Schley**, Patent and Attorneys at Law PartG mbB, Hermann-Sack-Straße 3, 80331 Munich, Reg. No.: 51177-0004LL3

v.

**Bayerische Motoren Werke Aktiengesellschaft**, represented by the members of the Executive Board Oliver Zipse, Jochen Goller, Ilka Horstmeier, Dr. Nicolai Martin, Walter Mertl, Dr. Milan Nedeljkovic, and Dr. Joachim Post, Petuelring 130, 80809 Munich
- Defendant -

Legal Representatives:
**Bardehle Pagenberg Partnerschaft mbB**, Patent and Attorneys-at-Law, Prinzregentenplatz 7, 81675 Munich, Ref. No.: B180857VL1 TMS/HAC/Dsm/erm

Intervenor:
**Harman Becker Automotive Systems GmbH**, represented by Managing Directors Matthias Joos, Hildur Kirchdörfer, and Dr. Ann-Sophie Schwarzkopf, Becker-Göring-Straße 16, 76307 Karlsbad

Legal representatives:
Law firm **DLA Piper UK LLP**, Maximilianstraße 2, 80539 Munich, Case No.: 350936/18

regarding patent infringement EP 2 473 920 "Graphics Processing Unit"

21 O
12768/25

- Page 2 -

the Munich I Regional Court—21st Civil Chamber—through Presiding Judge Dr. Schacht, M.A., Judge Dr. Benz, and Judge Dr. Obermeier, issues the following

# Order

The value in dispute is definitively set at EUR 1,000,000.00.

R E A S O N S :

Even if one were to follow the defendant's approach and regard the plaintiff's expected license revenue as the benchmark for determining the value in dispute, it would have to be set at EUR 1 million in the present case.

In this regard, it must first be taken into account that, according to the defendant's submission, although the plaintiff is suing on the basis of several intellectual property rights, it certainly intends to conclude only one license agreement with the defendant, namely covering its entire portfolio. Accordingly, the amount of EUR 30 million would in any case have to be divided among the three patents or proceedings at issue. For this reason alone, a value in dispute of EUR 30 million per proceeding is inappropriate.

Furthermore, both in the context of free-market license negotiations and in the context of calculating damages based on the license analogy—at least in the case of complex products—the value of the total product (in this case, the automobile) is not used as the starting point, but rather the value of the component that incorporates the invention to be licensed. In the present case, this component is the "head unit" as the central control unit of the infotainment system. This can be clearly distinguished from the rest of the vehicle. Therefore, the value of the

"head unit" as the relevant benchmark. However, the defendant has failed to provide any arguments in this regard.

21 O
12768/25

- Page 3 -

Furthermore, it must be taken into account that, based on the Chamber's experience in a large number of infringement proceedings involving both standard-essential and non-standard-essential patents, it is now standard licensing practice to set so-called "caps" and "floors." For example, in the mobile communications sector, "caps" are regularly agreed upon, whereby the total value of the mobile phone sold is not used as the basis, but only the portion that functionally embodies the teaching of the patent in suit. In addition, an ARB is agreed upon to ensure that licensees cannot be unduly burdened by claims from various rights holders. The defendant has also failed to provide any arguments regarding this point.

If one were to apply not a top-down approach but the comparable license approach, the defendant's submission regarding corresponding comparable license agreements is also lacking in this respect.

In light of all this, a value in dispute of EUR 1 million pursuant to § 51 GKG is appropriate and sufficient for the patent in suit in the present case.

### Notice of Appeal:

An appeal may be filed against the decision setting the value in dispute if the value of the subject matter of the appeal exceeds 300 euros or if the court has allowed the appeal.

The appeal must be filed within **six months** with the

>    Munich I Regional Court,
>    Prielmayerstraße 7
>    80335 Munich

.

The period begins when the decision on the merits becomes final or the proceedings are otherwise concluded. If the value in dispute was determined less than one month before the expiration of the six-month period, the appeal may still be filed within one month of service or informal notification of the determination order. In the case of informal notification, the order is deemed to have been served on the fourth day after it was mailed.

The appeal must be filed in writing or by a statement entered into the record at the clerk's office of the aforementioned court. It may also be entered into the record at the clerk's office of any local court; however, the deadline is met only if the record is received by the aforementioned court in a timely manner. Representation by an attorney is not required.

- Page 4

Appeals may also be filed as **electronic documents**. A simple email does not satisfy the legal requirements.

Case 1:25-cv-01561-JLH-LDH    Document 20-6    Filed 06/02/26    Page 5 of 6 PageID #:
308

- Page 4

Appeals may also be filed as **electronic documents**. A simple email does not satisfy the legal requirements.

21 O
12768/25

Appeals filed by an attorney, a public authority, or a legal entity under public law—including associations formed by such entities to fulfill their public duties—must be submitted **as an electronic document**, unless this is temporarily impossible for technical reasons. In this case, submission in accordance with the general provisions remains permissible, provided that the temporary impossibility is substantiated at the time of the substitute submission or immediately thereafter. Upon request, the electronic document must be submitted subsequently.

Electronic documents must
- be provided with a qualified electronic signature by the responsible person or
- be signed by the responsible person and submitted via a secure transmission channel.

An electronic document bearing a qualified electronic signature of the responsible person may be transmitted as follows:
- via a secure transmission channel or
- to the court's Electronic Court and Administrative Mailbox (EGVP) established for the receipt of electronic documents.

With regard to secure transmission channels, reference is made to Section 130a(4) of the Code of Civil Procedure. With regard to the further requirements for electronic communication with the courts, please refer to the Regulation on the Technical Framework Conditions for Electronic Legal Transactions and on the Special Electronic Government Mailbox (Electronic Legal Transactions Regulation – ERVV) in its currently applicable version, as well as to the website www.justiz.de.

signed

| Dr. Schacht, M.A. | Dr. Benz | Dr. Obermeier |
|---|---|---|
| Presiding Judge at the Regional Court | Judge at the Regional Court | Judge at the Regional Court |



Certified true copy Munich, May 12, 2026

Pasha, JAng
Clerk of the Court