# Exhibit H



**CALDWELL
CASSADY
CURRY**

Daniel R. Pearson
phone  214.888.4845
fax  214.888.4849
email  dpearson@caldwellcc.com
address  2121 N. Pearl Street, Suite 1200
Dallas Texas 75201

March 6, 2026

**VIA EMAIL (matthew.bernsten@finnegan.com)**
Matthew C. Bernsten
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1618

RE:     *In re: Ex Parte Application of Bayerische Motoren Werke Aktiengesellschaft for an Order to Obtain Discovery For Use in Foreign Proceeding*, Nos. 2:25-mc-00073, 2:25-mc-00074 (E.D. Pa.) Responses and Objections to Subpoenas

Matt:

I write to request that BMW withdraw its subpoenas to Mr. Marino and Mr. Loo because BMW no longer has standing to pursue them due to mootness.  Mr. Marino and Mr. Loo are not available on their noticed subpoena dates and will not be appearing.

As you know, Onesta and Qualcomm have entered a binding term sheet which resolves BMW's infringement.  The German infringement actions will be dismissed shortly under an agreed schedule.  The German infringement actions are also currently suspended, so BMW has no need for the discovery requested under the subpoenas, and compliance with the subpoenas would be an undue burden on Mr. Marino and Mr. Loo.  These developments materially alter BMW's right to relief under 28 U.S.C. § 1782.  *See, e.g., Khrapunov v. Prosyankin*, 931 F.3d 922, 926 (9th Cir. 2019) ("The developments in the English litigation are relevant to the discretionary factors courts consider when evaluating § 1782 applications, as well.").

In prior email correspondence, you indicated that BMW's subpoenas still remain "relevant at least to the issues of value in dispute and invalidity of the EP920."  I presume you mean that they are still relevant with respect to BMW's nullity action regarding the EP920.

However, these subpoenas are moot regarding BMW's nullity action (as well as the infringement actions).  *Khrapunov*, 931 F.3d at 928 ("'There is thus no case or controversy, and a suit becomes moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."'" (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).  There is no legal dispute remaining between Onesta and BMW in view of the binding term sheet between Qualcomm (BMW's supplier) and Onesta, and BMW no longer has an injury in fact

1

that could be redressed by its application. Thus, BMW lacks Article III standing to seek relief under 28 U.S.C. § 1782 from a U.S. district court. *Food & Drug Admin. v. All. For Hippocratice Med.*, 602 U.S. 367, 380 (2024); *see also Khrapunov*, 931 F.3d at 930 (analyzing whether the applicant has had their personal stake in the dispute eliminated "such that he no longer has standing to pursue his § 1782 application"). It affects no legal controversy involving BMW whether EP920 is invalidated in the nullity action or not. Accordingly, BMW cannot be, any longer, an "interested person" under 28 U.S.C. § 1782.

A German nullity action does not have the same Article III standing requirements, much like an IPR in the United States. However, even in the United States, while a party can pursue an IPR without a sufficient controversy to have Article III standing in a district court, if that same party loses the IPR, it does not have standing to pursue an appeal of its loss—regardless of its subjective desire to invalidate a patent. *See, e.g., AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357 (Fed. Cir. 2019). The same holds true for a nullity action in Germany—that BMW may be able to pursue its nullity action does not confer Article III standing to seek relief under 28 U.S.C. § 1782. Onesta is aware of no case where an application under § 1782 was granted for discovery to use in a German nullity proceeding in the absence of any infringement dispute. Onesta is similarly unaware of any instance of an application under § 1782 being granted where there was no legal controversy between the parties.

Accordingly, because the subpoenas are moot, it is an undue burden for BMW to press forward with these subpoenas it has no right to attempt to enforce. Even under BMW's very broad reasoning in its application, RFPs 3, 6, 7, 8, 9, 10, 12, 14, 15, and 19 have no possible bearing on BMW's nullity action. It is also an undue burden and expense on Mr. Marino and Mr. Loo—two individuals—to be forced to retain local counsel in Pennsylvania and file a motion to quash subpoenas that BMW should withdraw. Should BMW not withdraw these subpoenas, and seek to enforce them despite their mootness, Mr. Marino and Mr. Loo intend to seek fees, in part, for being forced, unnecessarily, to respond.

Regards,

Daniel R. Pearson

2